UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
    SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

        -v-

    HARMEL S. RAYAT and RENOVACARE INC.,

                    Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2021

21-cv-4777 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Securities and Exchange Commission ("Plaintiff," "SEC," or the "Commission") moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike the equitable affirmative defenses asserted by defendants Harmel S. Rayat ("Rayat") and RenovaCare, Inc. ("RenovaCare" and collectively with Rayat, "Defendants"). Dkt. No. 21.

      For the following reasons, the motion to strike is granted.

## BACKGROUND

      Plaintiff filed its complaint against Defendants on May 28, 2021. Dkt. No. 1. The complaint alleges claims for violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5(b) promulgated thereunder, 17 C.F.R. § 240.10b-5(b), and for violations of Rules 10b-5(a) and (c) promulgated under Section 10(b) of the Exchange Act, 17 C.F.R. § 240.10b-5(a) & (c). *Id.* ¶¶ 81-86. It also alleges against Rayat a claim for aiding and abetting violations of Section 10(b) and Rule 10b-5(a), (b), and (c) thereunder, *id.* ¶¶ 87-94, and against RenovaCare a claim for violations under Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d), and Rules 15d-11, 17 C.F.R. § 240.15d-1, and 12b-20 thereunder, 17 C.F.R. § 240-12b-20, *id.* ¶¶ 95-99. The claims arise out of a promotion run by an online publishing company

named StreetAuthority, LLC ("StreetAuthority") touting the efficacy of RenovaCare's experimental burn-wound healing medical device called the "SkinGun." *Id.* ¶ 1. Rayat is RenovaCare's controlling shareholder and the Chairman of its Board of Directors. *Id.* ¶ 9. Of significance here, he is also a citizen and resident of Canada. *Id.* The complaint alleges that the promotional materials contained false statements. *Id.* ¶¶ 1-2. It also alleges that Rayat worked closely with StreetAuthority on the promotion, reviewed the materials containing false statements, and provided false information to StreetAuthority, but that, when questioned by the OTC Markets Group Inc. about RenovaCare's involvement in the promotion, Rayat and RenovaCare made and publicly disseminated a press release that contained material misrepresentations and omissions that denied any involvement in StreetAuthority's promotion. *Id.*

Defendants filed their answer on August 31, 2021. Dkt. No. 20. The answer contains the following equitable affirmative defenses:

> 102. The claims are barred, in whole or in part, by the equitable principles of laches, waiver and/or estoppel.
>
> 103. Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands and lack of good faith.

*Id.* ¶¶ 102-103. The answer contains an introduction with the following statement:

> Prior to filing this case, the SEC spent years investigating Defendants, collecting tens of thousands of documents from over 40 different parties. Determined to uncover something, *anything* potentially nefarious through that long-running investigation, the SEC's theory of potential liability shifted from one to the next. That multi-year effort yielded the Complaint, which purports to allege a securities fraud scheme, but is, at bottom, about alleged inaccuracies in a single January 2018 RenovaCare press release.

*Id.* at 1-2. Aside from that statement, no other facts are alleged in support of the equitable affirmative defenses.

## DISCUSSION

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To succeed on a motion to strike an affirmative defense, "a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (quoting *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)); *see also Town & Country Linen Corp. v. Ingenious Designs, LLC*, 2020 WL 3472597, at *5 (S.D.N.Y. June 25, 2020). With respect to the first factor, "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense" such that a party must "support [its] defenses with some factual allegations to make them plausible." *GEOMC*, 918 F.3d at 98-99. As to the second factor, "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *Id.* at 98. And with respect to prejudice, "[a]n increase in the time, expense and complexity of a trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike." *McCaskey*, 56 F. Supp. 2d at 326. Although "[m]otions to strike affirmative defenses under Rule 12(f) are disfavored," courts have not hesitated to grant them when a defense is legally insufficient. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. M.C.F. Assocs., Inc.*, 2021 WL 1199494, at *2 (S.D.N.Y. Mar. 30, 2021). However, if an affirmative defense is timely filed, it will not be dismissed for prejudice alone. "A factually sufficient and legally valid defense should always be allowed if timely filed, even if it will prejudice the plaintiff by expanding the scope of the litigation." *GEOMC*, 918 F.3d at 98.

"Federal courts have discretion in deciding whether to grant motions to strike." *Allocco v. Dow Jones & Co., Inc.*, 2002 WL 1484400, at *1 (S.D.N.Y. July 10, 2002).

The SEC argues that the equitable affirmative defenses should be dismissed because laches and waiver are not legally available defenses to a SEC enforcement action and because equitable estoppel, unclean hands, and lack of good faith are only available in extraordinary cases and no facts are pleaded that this case is extraordinary. Dkt. No. 22 at 4-7. The SEC claims to have suffered prejudice already and to be at risk of prejudice as a result of Defendants' overbroad discovery requests directed at finding information to support the equitable defenses. *Id.* at 2, 7-9.

The Second Circuit has held that "laches is not available against the federal government when it undertakes to enforce a public right or protect the public interest." *United States v. Angell*, 292 F.3d 333, 338 (2d Cir. 2002); *see also Securities and Exchange Commission v. Laura*, 2020 WL 8772252, at *3 (E.D.N.Y. Dec. 30, 2020) (striking affirmative defense of laches in SEC enforcement action); *McCaskey*, 56 F. Supp. 2d at 327 (same); *Federal Trade Comm'n v. Consumer Health Benefits Ass'n*, 2011 WL 13295634, at *6-7 (E.D.N.Y. Oct. 5, 2011) (striking laches affirmative defense in FTC enforcement action); *F.T.C. v. Bronson Partners, LLC*, 2006 WL 197357, at *1 (D. Conn. Jan. 25, 2006) (same). The SEC brings this action to enforce a public right created by the federal securities laws seeking as relief an injunction, civil money penalties, and an officer and director bar. Dkt. No. 1. It does not bring the action on behalf of, or in the name of, any other party or to assert a private right. Laches is not a legally available defense, and even if it were, Defendants have pleaded no facts that would make the defense plausible.[1] The investigation took time. But that is not atypical for a cross-border investigation.

---

[1] Defendants rely upon Judge Posner's opinion for the Seventh Circuit in *United States v.*

And Defendants do not dispute that the SEC brought its claims within the applicable statute-of-limitations period.

The defense of waiver also is a legally insufficient basis for precluding a plaintiff from prevailing on its claims. The Second Circuit has observed that "the Commission may not waive the requirements of an act of Congress nor may the doctrine of estoppel be invoked against the Commission." *SEC v. Culpepper*, 270 F.2d 241, 248 (2d Cir. 1959) (quoting *SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1954)). Following *Culpepper*, courts in this District have held that "waiver" is not an available defense to an SEC enforcement action. *See S.E.C. v. Durante*, 2013 WL 6800226, at *12 (S.D.N.Y. Dec. 19, 2013) (holding that defense of waiver is "unavailing" in SEC enforcement action), *report and recommendation adopted,* 2014 WL 5041843 (S.D.N.Y. Sept. 25, 2014); *S.E.C. v. Badian*, 2010 WL 1028256, at *3 (S.D.N.Y. Mar. 11, 2010) ("[P]rinciples of preclusion, whether articulated as *res judicata* or waiver and estoppel defenses, may not be invoked against the SEC."). Defendants cite Judge Ross's opinion in *Resolution Trust Corporation v. Gregor*, 1995 WL 931093, at *3 (E.D.N.Y. Sept. 29, 1995), which described whether "estoppel/waiver" can be invoked against the government as being an

---

*Administrative Enterprises, Inc.*, 46 F.3d 670, 672-73 (7th Cir. 1995), in which the court rejected the broad proposition that laches never applied against the United States government. Judge Posner opined that laches might be available against the United States Government in one of three possible circumstances: (1) where the laches was "most egregious"; (2) "to confine the doctrine to suits against the government in which . . . there is no statute of limitations"; and (3) "to draw a line between government suits in which the government is seeking to enforce either on its own behalf or that of private parties what are in the nature of private rights, and government suits to enforce sovereign rights, and to allow laches as a defense in the former class of cases but not the latter." *Id.* at 673 (citation omitted). But the Second Circuit in *Cayuga Indian Nation of N.Y. v. Pataki*, 413 F.3d 266 (2d Cir. 2005), after deciding to follow *Administrative Enterprises* in respect of a claim asserted by the United States on behalf of the Cayuga Indian tribe, held that *Administrative Enterprises* was not inconsistent with and did not disturb the holding of *Angell* that laches was not applicable in a case that involves "the enforcement of a public right or the protection of the public interest." *Id.* at 279 & n.8.

5

"unsettled" question. But that case also stated that, at a minimum, to establish an estoppel the government would have to act in misleading ways. *See id.* No such allegation is made here. Defendants simply assert they "believe that have a basis to assert a defense of waiver, as alleged in the Answer." Dkt. No. 24 at 11. The answer, however, contains no allegations to support that belief.

The SEC agrees that the defenses of equitable estoppel and unclean hands are not categorically unavailable against the government. Dkt. No. 22 at 5-6. "To succeed on a defense of equitable estoppel asserted against a private plaintiff, a defendant must prove (1) that the plaintiff made a material misrepresentation, (2) upon which the defendant relied, (3) to his detriment." *In re Beacon Assocs. Litig.*, 2011 WL 3586129, at *3 (S.D.N.Y. Aug. 11, 2011) (quoting *McCaskey*, 56 F. Supp. 2d at 326). "However, where a defendant seeks to assert the defense against the government, 'estoppel will only be applied upon a showing of "affirmative misconduct."'" *Id.* (quoting *Rojas-Reyes v. I.N.S.*, 235 F.3d 115, 126 (2d Cir. 2000)); *see also Durante*, 2013 WL 6800226, at *13 ("An assertion of estoppel against the government requires, at minimum, a showing that 'the Government's misrepresentation was inconsistent with the "minimum standard of decency, honor, and reliability" which citizens have a right to expect from their Government.'" (quoting *SEC v. KPMG LLP*, 2003 WL 21976733, at *2 (S.D.N.Y Aug. 20, 2003))).

Defendants argue that they have satisfied the requirements for the defense of equitable estoppel because they "have adamantly denied nearly every allegation in the Complaint" and "the SEC's case necessarily rests on the false notion that Defendants sought to reap the benefits of the sale of an allegedly inflated stock," a claim they admit the SEC does not make. Dkt. No. 24 at 11. But, if it is available at all, the doctrine of equitable estoppel requires a

misrepresentation extrinsic to the complaint. Its elements cannot be satisfied by the allegation that the complaint is mistaken. "[A] central 'mission' of the Commission is to 'investigat[e] potential violations of the federal securities laws.'" *Gabelli v. S.E.C.*, 568 U.S. 442, 451 (2013) (second alteration in original) (quoting SEC, Enforcement Manual 1 (2012)). "[T]he SEC's very purpose is to root . . . out [fraud], and it has many legal tools at hand to aid in that pursuit," including the bringing of lawsuits. *Id.* If it turns out that the complaint's allegations here are wrong, the SEC will lose its case and Defendants will be vindicated. That's what happens in contested litigation. But that will not itself mean that the SEC has engaged in misconduct.

"Equitable estoppel has been applied against the government in order to prevent an 'egregious injustice.' If the Commission proves its case, the defendants will be enjoined from [engaging in this conduct] in the future. No 'egregious injustice' would result from such a holding . . . ." *Sec. & Exch. Comm'n v. Gulf & W. Indus., Inc.*, 502 F. Supp. 343, 348 (D.D.C. 1980) (citation omitted) (quoting *L'Enfant Plaza Properties, Inc. v. D.C. Redevelopment Land Agency*, 564 F.2d 515, 524 (D.C. Cir. 1977)).

The defense of unclean hands, if available at all, is not readily available against the government. It "require[s] that the 'misconduct be egregious and the resulting prejudice to the defendant rise to a constitutional level.'" *Durante*, 2013 WL 6800226, at *13 (quoting *In re Beacon Assocs. Litig.*, 2011 WL 3586129 at *3); *see also SEC v. Am. Growth Funding II, LLC*, 2016 WL 8314623, at *6 (S.D.N.Y. Dec. 30, 2016) (stating that, to proceed with an equitable defense of unclean hands, the defendants must adequately plead not only that the SEC "engaged in outrageous or unconstitutional activity" but also that as a result the defendants suffered prejudice rising to a constitutional level), *report and recommendation adopted*, 2017 WL 728701 (S.D.N.Y. Feb. 22, 2017). Generally, it "may not be invoked against a government agency

which is attempting to enforce a congressional mandate in the public interest." *In re Beacon Assocs. Litig.*, 2011 WL 3586129 at *3 (quoting *Sec. & Exch. Comm'n v. Rosenfeld*, 1997 WL 400131, at *2 (S.D.N.Y. July 16, 1997)); *see also S.E.C. v. Lorin*, 1991 WL 576895, at *1 (S.D.N.Y. June 18, 1991) ("Generally, an unclean hands defense is not available in a SEC enforcement action."). Defendants admit that the defense of unclean hands requires evidence of government misconduct and injury to them. Dkt. No. 24 at 11. But they do not identify any misconduct—only that the SEC has made what they claim to be "inaccurate allegations and misrepresentations." *Id.* at 12.[2]

Defendants are not relieved of their obligation to assert a legally sufficient defense or facts in support of their defenses by virtue of the early stage of the litigation or because they "filed their Answer with affirmative defenses before receiving a single document from the SEC." Dkt. No. 24 at 1. The Second Circuit has held that "applying the plausibility standard to any pleading is a 'context-specific' task" and that the "nature of the affirmative defense" and the stage of the proceedings "is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense." *GEOMC*, 918 F.3d at 98 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The equitable defenses Defendants seek to assert here are more akin to those "needed to plead a statute-of-limitations defense" than those "needed to plead an ultra vires defense, [for which the facts] may not be readily known to the defendant." *Id.* As the SEC emphasizes, the facts regarding the SEC investigation are hardly unknown to the Defendants. Defendants know the years that the SEC spent investigating and the breadth of its investigation. They also apparently know the different theories that the SEC explored. Those facts form the basis of

---

[2] Defendants do not assert any basis for an independent defense of "lack of good faith." To the extent that defendants meant the defense to include something other than equitable estoppel or unclean hands, the Court considers the claim to be abandoned.

Defendants' affirmative defenses. Dkt. No. 20 at 1-2. They are just legally insufficient. Defendants also participated in the "Wells Process." *See* SEC Enforcement Manual § 2.4 (2017), available at https://www.sec.gov/divisions/enforce/enforcementmanual.pdf. Defendants thus were informed of the findings made by the SEC staff, the general nature of the investigation, and the indicated violations before the Complaint was filed. *Id.* If Defendants are missing anything, it is the evidence of the Commission's internal deliberations and the SEC staff's attorney work-product, but Defendants fail to explain how those materials would in any way support their affirmative defenses.

Finally, the SEC has demonstrated prejudice. Even if the affirmative defenses ultimately could be eliminated on a motion for summary judgment, permitting them to remain in the case would needlessly lengthen and complicate the pretrial process. *See Consumer Health Benefits*, 2011 WL 13295634, at *7-8.

## CONCLUSION

The SEC's motion to strike is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. No. 21.

SO ORDERED.

Dated: October 18, 2021
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge