```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SECURITIES AND EXCHANGE COMMISSION,                              :
                                                                 :
                           Plaintiff,                            :
                                                                 :            21-cv-4777 (LJL)
        -v-                                                      :
                                                                 :          MEMORANDUM &
HARMEL S. RAYAT et al,                                           :              ORDER
                                                                 :
                           Defendants.                           :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/12/2022

LEWIS J. LIMAN, United States District Judge:

      Plaintiff the United States Securities and Exchange Commission ("Plaintiff") moves to seal Exhibit A to its May 3, 2022 filing. Dkt. No. 60. Exhibit A consists of excerpts from the deposition of Jeet Sindhu ("Sindhu"), a Canadian resident, which was taken pursuant to an order of the Supreme Court of British Columbia ("BC Court"), following a Request for International Judicial Assistance made by this Court in this action. *See id.*; Dkt. No. 67 at 1. Plaintiff argues that the Court may seal the document despite the presumption of public access because of two countervailing factors: (1) the order of the BC Court, which required the parties to deem the transcript of the deposition as confidential; and (2) it is possible Sindhu relied upon the existence of the Protective Order issued by this Court, which permits counsel for a producing party to designate a deposition transcript as confidential. Dkt. No. 67 at 1–2. Plaintiff does not otherwise have any interest in keeping the deposition or any other discovery matter in this matter under seal. *Id.* at 2.

      The motion is denied. Exhibits submitted in support of motions are judicial documents entitled to the presumption of public access, but the presumption is lower for documents submitted in connection with non-dispositive motions such as the discovery motion at issue here. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The two countervailing factors raised by Plaintiff, however, do not overcome even this lowered presumption of public access. As to the first factor, the relevant statement of the BC Court is: "The transcript and videotape [of the deposition] must include a statement to this effect, 'This (video/transcript) is confidential and may only be used for the purposes of the following legal proceeding before the United States District Court, Southern District of New York: *Securities and Exchange Commission v. Harmel S. Raya and RenovaCare, Inc.*, Case No. 1:121-cv-4777." Dkt. No. 67-1 ¶ 9. On its face, the order is most reasonably read to limit the disclosure of the transcript to what is necessary for the Court proceeding in this action, and not to require either party to file the transcript under seal, much less for the Court to maintain it under seal. As to the second factor, Sindhu could not have reasonably relied upon the language of the Protective Order in giving his testimony if he relied

upon it at all. In the first place, Sindhu did not have the discretion under the order of the BC Court not to appear; the order directed that Sindhu "shall appear . . . and answer questions." *Id.* ¶ 1(a)–(b). Second, the Protective Order entered in this case specifically warned that the parties should not presume that information deemed by one or the other to be confidential under the terms of that Protective Order would be permitted to be filed under seal. *See, e.g.*, Dkt. No. 42 at 1 (noting that "the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal"); *id.* ¶ 13 ("Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be file with the Court under seal."). The purpose of the Protective Order is to give the parties some assurance of confidentiality vis-à-vis one another. It does not bind the Court, which must take into account the public interest in determining whether information that the Court is asked to view should simultaneously be withheld from the public view. *See Dandong v. Pinnacle Performance Ltd.*, 2012 WL 6217646, at *2 (S.D.N.Y. Dec. 3, 2012) ("The consent of the parties is not a valid basis to justify sealing, as 'the rights involved are the rights of the public.'" (quoting *Vasquez v. City of N.Y.*, 2012 WL 4377774, at *3 (S.D.N.Y. Sept. 24, 2012))); *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015) ("The mere fact that information is subject to a confidentiality agreement between litigants . . . is not a valid basis to overcome the presumption in favor of public access to judicial documents."). Since no countervailing interest has been identified to outweigh the presumption of public access, the sealing motion is denied.

Plaintiff is hereby ORDERED to file Exhibit A on the public docket by May 17, 2022.

The Clerk of Court is respectfully directed to close Dkt. No. 60.

SO ORDERED.

Dated: May 12, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge