UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/19/2022
```

------------------------------------------------------------------------X
:
SECURITIES AND EXCHANGE COMMISSION,          :
:
Plaintiff,          :
:
:          21-cv-4777 (LJL)
-v-          :
:          MEMORANDUM AND
HARMEL S. RAYAT and RENOVACARE INC.,          :          ORDER
:
Defendants.          :
:
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants Harmel S. Rayat ("Rayat") and RenovaCare, Inc. ("RenovaCare" and with
Rayat, "Defendants") move by letter motion for a protective order relieving them from
responding to requests for admission ("RFAs") served by plaintiff, the United States Securities
and Exchange Commission ("SEC"). Dkt. No. 70. Defendants request that the Court limit the
SEC to serving no more than twenty-five RFAs, including subparts, on the two Defendants
collectively. *Id.*

The complaint charges Rayat and RenovaCare, of which Rayat was the controlling
shareholder, with committing securities fraud in violation of Section 10(b) of the Securities
Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rules 10b-5(a), (b), and (c), promulgated
thereunder, 17 C.F.R. § 240.10b-5(a), (b), and (c). Dkt. No. 1. In broad strokes, the complaint
alleges that, during the time period July 2017 until January 2018, Defendants secretly
disseminated false and misleading information about RenovaCare (and another company of
which Rayat was also the controlling shareholder ("Company A")) through an online financial
publishing company, StreetAuthority, LLC ("StreetAuthority"), which was owned and operated
by a long-time friend of Rayat without disclosing Defendants' involvement in disseminating the

information.  (Rayat allegedly arranged for the payments to StreetAuthority to be made through third parties for the fraudulent purpose of concealing his and his company's involvement).  Then, after the stock price of RenovaCare had increased to "historically high prices while StreetAuthority's promotion was active," Rayat and "Rayat's other close associates successfully sold shares" in the company.  *Id.* ¶ 80.  In January 2018, OTC Markets Group Inc., which supervised the market where RenovaCare's stock was quoted, sent RenovaCare a letter demanding that it make public disclosures concerning its involvement in the promotion. Defendants allegedly made material misrepresentations allegedly denying their involvement in the promotion.

The Amended Case Management Plan and Scheduling Order requires that requests to admit be served no later than May 30, 2022, with all expert discovery and all discovery to be completed no later than August 15, 2022.  Dkt. No. 54.  On April 29, 2022, the SEC served Rayat with 451 RFAs and RenovaCare with 279 RFAs.  With subparts, the total number of RFAs served on the two Defendants collectively is 1,010.  Dkt. No. 70 at 1.

Defendants argue that the Court should grant a protective order limiting the number of RFAs because (1) of their excess  number; (2) "[t]he RFAs are embedded with assumptions that to the heart of the case, many relating to facts of which Mr. Rayat has no direct knowledge"; (3) they ask Defendants to admit to facts that are alleged in the complaint; and (4) coming as they do before the end of discovery and while depositions are ongoing, they would "obviate the need for taking testimony from third parties."  *Id.* at 2–3.

The motion is denied.  Rule 36(a)(1) permits a party to "serve on any other party a written request to admit" certain specified matters.  Fed. R. Civ. P. 36(a)(1).  The categories for which requests to admit can be served are two: "(A) facts, the application of law to fact, or

opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1)(A)–(B).  "[T]he large number of requests to admit is not in itself a basis for a protective order."  *Gen. Elec. Co. v. Prince*, 2007 WL 86940, at *2 (S.D.N.Y. Jan. 10, 2007).  "Rule 36, unlike other rules, contains no limitations on the number of RFAs that may be served."  *Pasternak v. Dow Kim*, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011).  The question of whether to limit the number of RFAs lies in the discretion of the court and "[d]epend[s] on the needs of the case."  *Gen. Elec. Co.*, 2007 WL 86940, at *2; *see also* Fed. R. Civ. P. 26(b)(2)(A) (giving the court discretion to limit the number of requests for admission under Rule 36).  There is no "particular absolute number of Rule 36 requests that will be excessive across every case."  *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 254 (N.D. Tex. 2016).

    The sheer number of RFAs does not support issuance of a protective order in this case, which is a complex securities fraud case, that will turn in part on circumstantial evidence.  *See, e.g.*, *Securities and Exchange Commission v. Ripple Labs, Inc.*, 2021 WL 5336970, at *3–4 (S.D.N.Y. Oct. 21, 2021) (defendant served 29,947 RFAs); *Roland Corp. v. inMusic Brands, Inc.*, 2019 WL 13032405, at *2 (S.D. Fla. Sept. 24, 2019) (511 requests not excessive); *Pasternak*, 2011 WL 4552389, at *5 (230 requests not excessive); *Gen. Elec. Co.*, 2007 WL 86940, at *2 (573 requests not excessive); *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 41 (S.D.N.Y. 1997) (124 requests not excessive).  "'Although it is true that the requests encompass many separate items, this is a function of the fact that the issues in this case encompass a large number of discrete' [issues and facts]."  *McKinney/Pearl Rest. Partners, L.P.*, 322 F.R.D. at 255 (quoting *Sequa Corp. v. Gelmin*, 1993 WL 350029, at *1 (S.D.N.Y. Sept. 7, 1993)).  The numbers quoted by Defendants, moreover, are deceptive.  Many

of the same RFAs are asked of RenovaCare as are asked of Rayat.  In addition, the subparts either relate to the authentication of documents or seek admission that a communication occurred on a particular date.  They are not oppressive and should not be burdensome to answer.

The remainder of the objections are also without merit.  The argument that the Court should issue a protective order because certain RFAs go to the heart of the case, relate to facts alleged in the complaint, or, if answered, would obviate the need for taking testimony from third parties is not well-founded.  That is one of the purposes of RFAs—to narrow the issues for discovery and for trial when those issues can be narrowed. *Diederich v. Dep't of Army*, 132 F.R.D. 614, 616 (S.D.N.Y. 1990).  "The '[p]urpose of [the] rule pertaining to requests for admissions is to expedite trial by removing essentially undisputed issues, thereby avoiding time, trouble and expense which otherwise would be required to prove issues.'" *Id.* (alterations in original) (quoting *Burns v. Phillips*, 50 F.R.D. 187, 188 (N.D. Ga.1970)).  Many of the RFAs ask RenovaCare and Rayat to admit facts that are stated in the SEC filings of RenovaCare or one of its successor or predecessor companies.  Others ask for authentication of documentations.  Still others ask for Defendants to admit or deny facts reflected in documents or in deposition excerpts, which are cited in the RFAs themselves.  If a defendant cannot answer the RFA because it lacks knowledge or information and cannot readily obtain it after making a reasonable inquiry, the defendant can so state.  Fed. R. Civ. P. 36(a)(4).  If it can answer one part of a RFA but must qualify or deny the remainder of the RFA, that defendant can and "must specify the part admitted and qualify or deny the rest." *Id.*  And, if there is a basis for objection (e.g., if the RFA calls for an answer to a hypothetical question or an admission of law, *see Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021)), it can object to the RFA, *see* Fed. R. Civ. P. 36(a)(5).  However, "[a] party must not object solely on the ground that the request

presents a genuine issue for trial." *Id.* Defendants' arguments do not support their request for relief against the RFAs as a whole or for an order arbitrarily limiting the number of RFAs the SEC may serve.

## CONCLUSION

The motion is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 70.


SO ORDERED.


Dated: May 19, 2022
       New York, New York                    _____
                                                    LEWIS J. LIMAN
                                              United States District Judge