UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2023
```

-------------------------------------------------------------------X
:
SECURITIES AND EXCHANGE COMMISSION,                                :
:
                              Plaintiff,                           :
:
                                                                   :          21-cv-4777 (LJL)
        -v-                                                        :
                                                                   :          ORDER
HARMEL S. RAYAT,                                                   :
RENOVACARE, INC., JATINDER                                         :
BHOGAL, JEETENDERJIT SINGH                                         :
SIDHU, and SHARON FLEMING,                                         :
:
                              Defendants,                          :
:
        -and-                                                     :
:
TREADSTONE FINANCIAL GROUP LTD.,                                  :
TREADSTONE FINANCIAL GROUP LLC,                                   :
BLACKBRIAR ASSET MANAGEMENT LTD., and                            :
1420527 ALBERTA LTD.,                                             :
:
                              Relief Defendants.                   :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Pending before the Court are competing requests for the Court to issue a Letter of
Request to the Supreme Court of British Columbia for the tax return information of Defendants
Harmel Rayat, Jatinder Bhogal, and Jeetenderjit Singh Sidhu.  Defendants seek return
information limited to certain transactions among the Defendants.  Plaintiff, alleging violations
of the federal securities laws, contends that full return information is necessary for it to contest
Defendants' arguments and for it to prove its claim.  The returns apparently were filed in
Canada.  Both sides assume that the two-prong test laid out by the Court in *Mangahas v. Eight
Oranges Inc.*, 2022 WL 14106010 (S.D.N.Y. Oct. 24, 2022), with respect to the discovery of
returns filed in the United States applies to the return information at issue here.  That test states
that the party "seeking to compel production of tax returns in civil cases must meet a two-part
showing that: (1) the returns must be relevant to the subject matter of the action, and (2) a
compelling need must exist because the information is not readily obtainable from a less
intrusive source." *Id*. at *2.  That test, however, is designed at least in part to protect the United
States fisc and that of the States by encouraging fulsome reporting.  *See Xiao Hong Zheng v.
Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018).  It also is based, in part, on federal
law protecting federal tax returns.  *See* 6 Moore's Federal Practice § 26.45[1][b], at 26-192 (3d

ed. 2021) ("The public policy supporting the courts' sensitive treatment of tax returns is founded in provisions of the Internal Revenue Code declaring that federal tax returns are confidential communications between the taxpayer and the government."); *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547–48 (S.D.N.Y. 1985) (citing 26 U.S.C. § 7216 as support for limitation on discoverability of tax returns).

It is not obvious that the same standards should apply when the tax return information at issue is foreign return information and it is being sought in connection with the alleged violation of United States law.  It is hereby ORDERED that on or before 12:00 p.m. on February 3, 2022, each side shall submit a letter no more than three-single spaced pages long identifying any authority as to whether the two-part test protects the discoverability of foreign tax information.

SO ORDERED.

Dated: January 31, 2023
     New York, New York

_____
LEWIS J. LIMAN
United States District Judge