```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
SECURITIES AND EXCHANGE COMMISSION,                                    :
                                                                       :
                               Plaintiff,                              :
                                                                       :       21-cv-4777 (LJL)
           -v-                                                         :
                                                                       :       MEMORANDUM &
HARMEL S. RAYAT et al.,                                                :       ORDER
                                                                       :
                               Defendants.                             :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/2023

LEWIS J. LIMAN, United States District Judge:

Defendant Jatinder Bhogal ("Bhogal") moves, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), for a protective order relieving him from responding to the requests for admission ("RFAs") served by Plaintiff, the United States Securities and Exchange Commission ("SEC"). Dkt. No. 197. The SEC has served Bhogal with 703 RFAs, or 1,166 RFAs including subparts. Dkt. No. 197-1.

Bhogal's motion is denied, largely for the same reasons that the Court denied a similar motion made by defendants Harmel S. Rayat and RneovaCare, Inc. *See SEC v. Rayat*, 2022 WL 1606953 (S.D.N.Y. May 19, 2022).

The number of RFAs does not support issuance of a protective order. "Rule 26, unlike other rules, contains no limitations on the number of RFAs that may be served." *Pasternak v. Dow Kim*, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011). This is "a complex securities fraud case, that will turn in part on circumstantial evidence." *Rayat*, 2022 WL 1606953, at *2. Most of the RFAs call for information about jobs or positions held by Bhogal or his co-defendants, conversations or communications in which he was involved, securities transactions engaged in by him or allegedly of which he was aware, personal knowledge held by Bhogal, or the authenticity of documents produced in discovery. Virtually all of the RFAs are accompanied by a citation to the evidence that supports the fact question to which Bhogal is asked to admit or deny. Aside from their number, there is nothing about the RFAs that should make them particularly difficult to answer.

Bhogal's argument that the RFAs seek to impose on him a duty to review the evidence and "affirm the SEC's theories of liability," Dkt. No. 197 at 2, is without merit. It is precisely the purpose of RFAs to impose on the recipient the duty to review the evidence. The fact that an affirmative answer to an RFA might be consistent with the SEC's theory of liability does not make the RFA improper. It makes it relevant.

Nor is the argument that the RFAs "seek affirmation of facts or evidence of which [Bhogal] has no firsthand knowledge" of merit. *Id*. Many of the RFAs ask for information of which Bhogal should have personal knowledge. To the extent they do not, Bhogal can answer that he is without knowledge or information to answer (but must do so only if can state he has made reasonable inquiry and the information he knows or can readily obtain is insufficient to enable him to admit or deny). Fed. R. Civ. P. 36(a)(4). The SEC has addressed that issue for Bhogal by pointing him to the information that should assist him in answering the RFAs.

While it is true that RFAs are improper to the extent they call for admissions to hypothetical questions or pure questions of law, Bhogal's motion identifies no RFAs that fall into that category. The RFAs that relate to events prior to the time period alleged in the complaint are limited in number, cite to publicly-filed information or documents produced in discovery, and pertain to discoverable information. *See*, *e.g.*, Dkt. No. 197-1 ¶¶1–15.

Finally, on the facts of this case, the RFAs provide the most efficient means to narrow the issues for trial. Most, if not all, of the RFAs ask for admissions the SEC could ask Bhogal to make at deposition.[1] That would be an inefficient means of discovery. Bhogal would have to sit for days of deposition, and even that would not be sufficient as the deposition would not impose on counsel (or on Bhogal) the obligation created by a RFA to engage in a reasonable inquiry. It is far more efficient for Bhogal to answer the RFAs now, before he is deposed.

Bhogal asks, in the alternative, for an order extending the time for him to answer the RFAs to 60 days after they were served. That request is reasonable and it is granted. In all other respects, Bhogal's motion is denied.

## CONCLUSION

Bhogal's motion for an extension of time to answer the RFAs to 60 days after they were served is GRANTED. In all other respects, Bhogal's motion is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 197.

SO ORDERED.

Dated: April 24, 2023
      New York, New York

LEWIS J. LIMAN
United States District Judge

---

[1] The Court has not reviewed every single RFA.