```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
SECURITIES AND EXCHANGE COMMISSION,                               :
                                                                  :
                        Plaintiff,                                :
                                                                  :         21-cv-4777 (LJL)
        -v-                                                       :
                                                                  :         MEMORANDUM AND
HARMEL S. RAYAT ET AL.,                                           :              ORDER
                                                                  :
                        Defendants.                               :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff, the United States Securities and Exchange Commission ("SEC") moves, pursuant to Federal Rules of Civil Procedure 30(a)(2), to take depositions in excess of the ten depositions permitted by Rule, including the depositions of John Conklin, Alfred Greco, and two additional depositions. Dkt. No. 230. The motion is opposed by Defendants RenovaCare, Inc, Harmel Rayat, Jeetenderjit Sidhu, and Jatinder Bhogal. Dkt. No. 231. It is also opposed by Relief Defendant 1420527 Alberta Ltd. Dkt. No. 232.

## DISCUSSION

Federal Rule of Civil Procedure 30(a)(2) requires a party to obtain leave of court to take more than ten depositions, in the absence of a stipulation otherwise. The Rule provides in relevant part: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants . . . ." Fed. R. Civ. P. 30(a)(2). In turn, Rule 26(b)(1) entitles the parties to obtain discovery that is, among other requirements, "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and Rule 26(b)(2)(C) requires the court to "limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)," Fed. R. Civ. P. 26(b)(2)(C). "The court must grant a request to exceed ten depositions unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit." *In re Weatherford Int'l Sec. Litig.*, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013). "The burden of demonstrating relevance is on the party seeking the additional depositions." *Johnson v. Riverhead Cent. Sch. Dist.*, 2016

WL 4507002, at *11 (E.D.N.Y. Aug. 26, 2016). Moreover, the SEC must demonstrate "that each and every one of the proposed deponents would provide sufficiently unique information, not cumulative or duplicative of others, to justify the additional burden" at this stage of the additional depositions. *City of Almaty, Kazahkstan v. Ablyazov*, 2018 WL 11451338, at *3 (S.D.N.Y. June 28, 2018).

The SEC has not met its burden. None of the witnesses whose depositions the SEC seeks to take is central to its case. The SEC states that the testimony of Conklin is "critical" to testing the veracity of denials by Bhogal that he had knowledge of StreetAuthority's promotion, Dkt. No. 230 at 2, but it does not argue that Conklin would provide affirmative evidence necessary to prove its case. The SEC has not explained how Conklin's testimony would not be duplicative of that of other witnesses in this case. The SEC states that it seeks to depose Greco to test the denials of attorney Joseph Sierchio, RenovaCare's outside counsel and then-Director, that he was involved in drafting the legal disclaimer that StreetAuthority used in its promotion, *id.* at 2, but once again the SEC does not assert that Greco would provide critical testimony in this case. In both instances, the documents at issue may end up being admissible at trial; the SEC has not explained why the testimony is necessary.

The SEC has not adequately explained why it is only now that it is requesting the deposition testimony. The SEC states that it did not believe the testimony of Conklin would be necessary until it deposed Defendant Bhogal on July 26–27, 2023, during which Bhogal denied knowledge of StreetAuthority's promotion. Dkt. No. 230 at 2. But Bhogal denied knowledge of StreetAuthority's promotion during the SEC's investigation, Dkt. No. 231-1 at 166, and the emails the SEC cites were produced in March 2023, Dkt. No. 231 at 2. The SEC states that it seeks Greco's testimony now "in light of recently produced documents" involving Sierchio, Dkt. No. 230 at 2, but Sierchio testified in May 2022, Dkt. No. 230-6 at 1, and the emails to which the SEC refers were produced in September 2022 and April 2023, Dkt. No. 231 at 2.

This case was filed in May 2021. Dkt No. 1. The Court has granted numerous extensions of discovery. Dkt. Nos. 41, 54, 79, 150, 192, 203. Most recently, on July 24, 2023, the Court granted the request of the SEC, with the consent of Defendants Sidhu and Fleming, but over the objection of Defendants Bhogal, Rayat, and RenovaCare, to extend the fact discovery deadline from August 31, 2023 to September 30, 2023. Dkt. No. 226. The SEC's letter motion, dated July 21, 2023, no mention of these depositions. Dkt No. 220. That omission may be explicable in the case of Conklin—Bhogal was not deposed until July 26–27, 2023. It is inexplicable in the case of Greco, whose alleged relevance to the case was brought to the Court's attention at a conference on April 12, 2023. Dkt. No. 231-2 at 10. If the SEC thought Greco was important, it could have raised the issue then and not waited until the eve of the conclusion of fact discovery. Expert discovery is to conclude by January 10, 2024, and the Court is to hold a post-discovery conference on October 11, 2023. Dkt. No. 226. Summary judgment motions are due on December 22, 2023. Dkt. No. 203. To meet the schedule, counsel represents that at least seven deposition days are scheduled for September: Sierchio on September 11, Sidhu and his affiliates on September 13 and 14, Bhogal and his affiliate on September 20, and Rayat and his affiliate on September 27, 28, and 29. Dkt. No. 231 at 3. As a result, the burden on the parties appears to outweigh the likely benefit of the requested discovery.

Finally, the SEC has not identified who the other two deponents would be.  Accordingly, the Court is unable to assess whether permission should be granted for those depositions.[1]

## CONCLUSION

The motion for leave to take additional depositions is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 230.

SO ORDERED.

Dated: August 16, 2023
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] Counsel for Bhogal and Relief Defendant 1420527 Alberta Ltd. request that the Court strike the SEC's allegation that its investigation was impeded by misleading testimony and the deletion of key electronic messages.  Dkt. No. 232 at 2 n.2.  That request is denied.