## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  v.<br><br>HARMEL S. RAYAT, RENOVACARE, INC., JATINDER BHOGAL, JEETENDERJIT SINGH SIDHU, and SHARON FLEMING,<br><br>       Defendants,<br><br>  and<br><br>TREADSTONE FINANCIAL GROUP LTD., TREADSTONE FINANCIAL GROUP LLC, BLACKBRIAR ASSET MANAGEMENT LTD., and 1420527 ALBERTA LTD.,<br><br>       Relief Defendants. | No. 1:21-cv-04777-LJL<br><br>JURY TRIAL DEMANDED |

### JUDGMENT AS TO DEFENDANT SHARON FLEMING

The Securities and Exchange Commission having filed an Amended Complaint and

Defendant Sharon Hebgin Fleming having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

this Judgment without admitting or denying the allegations of the Amended Complaint (except

as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to

appeal from this Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], by use of the mails or any means or instrumentality of interstate commerce, or any facility of any national securities exchange, or for any member of a national securities exchange, to effect, alone or with one or more other persons, a series of transactions in any security, creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 20(b) of the Exchange Act [15 U.S.C. § 78t(b)] by doing, directly or indirectly, any act or thing which it would be unlawful for her to do under the provisions of the Exchange Act or any rule or regulation thereunder through or by means of any other person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the

Exchange Act [17 C.F.R. 240.3a51-1].

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $380,802, representing net profits gained as a result of the conduct

alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of

$76,389.  Defendant is further liable for a civil penalty in the amount of $380,000 pursuant to

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange

Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $837,191 to the

Securities and Exchange Commission pursuant to the terms of the payment schedule set forth

below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's

check, or United States postal money order payable to the Securities and Exchange Commission,

which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Sharon Fleming as a defendant in this action; and specifying that payment is made

pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

5

identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.  The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Judgment.  Defendant shall pay post judgment interest on any  amounts due after 30 days of entry of this Judgment pursuant to 28 U.S.C. § 1961.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendant's payment of a civil

penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall

not be deemed an additional civil penalty and shall not be deemed to change the amount of the

civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Defendant by or on behalf of one or

more investors based on substantially the same facts as alleged in the Complaint in this action.

VIII.

 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay

the total of disgorgement, prejudgment interest, and penalty due of $837,191 in 2 installments to

the Commission according to the following schedule:  (1) $418,595.50 to be paid within 14 days

of entry of this Final Judgment; and (2) $418,595.50 to be paid within 365 days of this Final

Judgment.  Payments shall be deemed made on the date they are received by the Commission

and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961

on any unpaid amounts due after 30 days from the entry of Final Judgment.  Prior to making the

final payment set forth herein, Defendant shall contact the staff of the Commission for the

amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed

according to the schedule set forth above, all outstanding payments under this Final Judgment,

including post-judgment interest, minus any payments made, shall become due and payable

immediately at the discretion of the staff of the Commission without further application to the

Court.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:   October 17   , 2023

LEWIS J. LIMAN
United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | |
| v. | **No. 1:21-cv-04777-LJL** |
| **HARMEL S. RAYAT, RENOVACARE, INC., JATINDER BHOGAL, JEETENDERJIT SINGH SIDHU, and SHARON FLEMING,** | **JURY TRIAL DEMANDED** |
| Defendants, | |
| and | |
| **TREADSTONE FINANCIAL GROUP LTD., TREADSTONE FINANCIAL GROUP LLC, BLACKBRIAR ASSET MANAGEMENT LTD., and 1420527 ALBERTA LTD.,** | |
| Relief Defendants. | |

## CONSENT OF DEFENDANT SHARON FLEMING

1.     Defendant Sharon Hebgin Fleming ("Defendant") acknowledges having been served with the amended complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the amended complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

1

(a)     permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Sections 9(a)(2), 10(b) and Rule 10b-5 thereunder, and 20(b) of the Securities Exchange Act of 1934 ("Exchange Act");

(b)     orders Defendant to pay disgorgement in the amount of $380,802, plus prejudgment interest thereon in the amount of $76,389;

(c)     prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act;

(d)     bars Defendant barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock; and

(e)     orders that Defendant shall pay a civil penalty of $380,000 pursuant to Section 20(d) of the Securities and 21(d)(3) of the Exchange Act.

3.      Defendant agrees that the Court shall order disgorgement of ill-gotten gains in the amount of $380,802, prejudgment interest thereon in the amount of $76,389, and a civil penalty of $380,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

4.      Defendant acknowledges that the civil penalty paid pursuant to the Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that she shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court

2

in any Related Investor Action grants such a Penalty Offset, Defendant agrees that she shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action, and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5.    Defendant agrees that she shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

3

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

12.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

4

member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the amended complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the amended complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Amended Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this

5

proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

15.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

16.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to

6

personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

17.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

18.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: _9/8/23_

_____
Sharon Fleming

On _September 8_, 2023, _Sharon Fleming_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: _Dec. 30, 2023_

Approved as to form:

_____
Susanne Toes Keane
Senior Staff Attorney
New York Legal Assistance Group
Clinic for Pro Se Litigants
Thurgood Marshall US Courthouse
40 Foley Square Room LL222
New York, New York 10007
212-613-5090
SKeane@nylag.org

_Counsel for Defendant (for settlement)_

G. CAMPA
COMM. #2314543
Notary Public - California
Riverside County
My Comm. Expires Dec. 30, 2023

personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

17.   Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

18.   Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated:   _9/8/23_                                    _____

                                                     Sharon Fleming

On _September 8_, 2023, _Sharon Fleming_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____

Notary Public

Commission expires: _Dec. 30, 2023_

Approved as to form:

_Susanne Toes Keane_

Susanne Toes Keane
Senior Staff Attorney
New York Legal Assistance Group
Clinic for Pro Se Litigants
Thurgood Marshall US Courthouse
40 Foley Square  Room LL222
New York, New York 10007
212-613-5090
SKeane@nylag.org

*Counsel for Defendant (for settlement)*

G. CAMPA
COMM. #2314543
Notary Public - California
Riverside County
My Comm. Expires Dec. 30, 2023

7